UNITED STATES of America, Plaintiff–Appellee,

v.

Nelson CAÑAS, Defendant–Appellant.

No. 05–10341.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 16, 2006.

Filed Dec. 4, 2006.

---

** The Honorable Barry Ted Moskowitz, United States District Judge for the Southern District of California, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

Karen A. Escobar, Esq., USF—Office of the U.S. Attorney, Fresno, CA, for Plaintiff–Appellee.

Joan Jacobs Levie, Esq., Law Offices of Joan Jacobs Levie, Fresno, CA, for Defendant–Appellant.

Before: TASHIMA and McKEOWN, Circuit Judges, and EZRA *, District Judge.

## MEMORANDUM **

Nelson Cañas appeals his conviction and sentence, following a guilty plea, for conspiring to manufacture, distribute, and possess with intent to distribute more than 1,000 marijuana plants in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 846 and 18 U.S.C. § 2. In the plea agreement, Cañas waived his right to appeal. The district court sentenced him to the statutory minimum of ten years imprisonment after finding that he was ineligible, due to his criminal history, for safety valve relief under 18 U.S.C. § 3553(f). During plea negotiations, both counsel incorrectly believed that Cañas's criminal history was within the requirements for safety valve relief. The government produced discovery that included apparently contradictory information about whether Cañas had any prior convictions. Defense counsel relied upon the government's information and representations by Cañas that he had no prior convictions. She did not investigate the issue further.

Cañas challenges the validity of the plea, the district court's refusal to allow withdrawal of the plea, and the district court's decision not to hold an evidentiary hearing on the amount of marijuana for which he was personally responsible. In reply, the government argues that the court lacks jurisdiction over the appeal because Cañas knowingly and voluntarily waived his right to appeal.

This court may, at a minimum, determine its own jurisdiction by examining the validity of Cañas's waiver. *United States v. Ruiz,* 536 U.S. 622, 628, 122 S.Ct. 2450, 153 L.Ed.2d 586 (2002). We review *de novo* whether a defendant has waived his right to appeal and whether that waiver is valid. *United States v. Jeronimo,* 398 F.3d 1149, 1153 (9th Cir.2005). A waiver of appellate rights is enforceable if (1) the waiver encompasses the right to appeal on the grounds raised, and (2) the waiver was knowingly and voluntarily made. *Id.*

Cañas does not dispute that the first prong of this test is met. He challenges the voluntariness of the waiver on grounds of ineffective assistance of counsel. Ineffective assistance claims are generally not

---

* The Honorable David A. Ezra, United States District Judge for the District of Hawaii, sitting by designation.

suitable for direct appeal because of the state of the record. *Jeronimo,* 398 F.3d at 1155–56. Cañas has not shown otherwise here. We therefore decline to reach this issue. Nothing in this memorandum should be construed as limiting Cañas's ability to raise this argument via a motion under 28 U.S.C. § 2255. To the extent that Cañas's other arguments for withdrawal of the waiver may be construed as challenges to its validity, we find them unpersuasive.

Cañas has failed to show that his waiver of the right to appeal is invalid, and thus we lack jurisdiction to hear his appeal. We decline to reach his other arguments.

**APPEAL DISMISSED.**